IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN WILLIAM HOGAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.:  DLB-21-2494 |
| CARROLL COUNTY MARYLAND, | * | |
| STATE OF MARYLAND, | | |
| CIRCUIT COURT OF MARYLAND | * | |
| FOR CARROLL COUNTY | | |
| MARYLAND, | * | |
| Defendants. | * | |

**MEMORANDUM**

On September 29, 2021, plaintiff Steven William Hogan, who is confined to Dorsey Run Correctional Facility, filed a complaint seeking ten million dollars in damages and dismissal of a State criminal case.  ECF 1.  He also moves to proceed in forma pauperis.  ECF No. 2.  The motion shall be granted.

Hogan's claim is stated as a "request" for this court to explain why Judge Michael Gallaway's decision to waive the speedy trial requirement of *Hicks v. State*, 403 A.2d 356 (Md. 1979), did not deny plaintiff "his constitutional right to a speedy trial."[1]  ECF 1, at 2.  Hogan provides a copy of a portion of his state docket sheet for a criminal case in the Circuit Court for Carroll County, Maryland.  ECF 1-1, at 2 (*State v. Hogan*, Case 06-K-13-044823 (Carroll Cnty. Cir. Ct.)).

---

[1] *See also* Md. Rule 4-271 (requiring that the prosecution bring a criminal defendant to trial within 180 days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court).

This Court screens prisoner complaints against governmental entities and their officers and employees and must dismiss any complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (requiring dismissal of claims by litigants proceeding in forma pauperis if the claims are frivolous, malicious, or fail to state a claim on which relief may be granted). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722–23 (4th Cir. 1989).

The Court construes Mr. Hogan's complaint as a civil rights complaint pursuant to 42 U.S.C. § 1983 and finds that the Circuit Court for Carroll County and the State of Maryland are not proper defendants. Inanimate objects such as buildings and facilities do not act under color of state law and are not "person[s]" subject to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Gottleib v. Balt. Cnty. Detention Ctr.*, No. RDB-16-51, 2016 WL 6072348, at *1 n.1 (D. Md. Oct. 13, 2016) (noting that Baltimore City Detention Center is a building and not a person amenable to suit under § 1983). The Circuit Court for Carroll County is not a person and therefore cannot be sued under § 1983. Similarly, the State of Maryland "is not a 'person' against whom a § 1983 claim for money damages might be

amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).

Hogan does not allege with any specificity how the state court judge allegedly violated his constitutional rights by failing to comply with state law.  To the extent Hogan wishes to file a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, he may do so in a separate civil action.

Based on the foregoing reasons, the complaint shall be dismissed by separate order that follows.

_ April 6, 2022 _
Date

_____
Deborah L. Boardman
United States District Judge